122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bertha Carolina TALAVERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70735.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bertha Carolina Talavera, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision finding Talavera ineligible for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a. (a), and we deny the petition
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision finding that an applicant is statutorily ineligible for relief. See Prasad v. INS, 47 F.3d 336, 333-39 (9th Cir.1995).
 
 
 4
 Talavera contends that she presented sufficient evidence to establish past persecution and a well-founded fear of persecution based upon political opinion. She testified that the Sandinistas harassed her family from 1979 to 1989 by periodically taking their property and searching their home for weapons. Talavera testified that, when she joined the Democratic Social Party organization, she received death threats from an individual named Daniel Zelaya. Zelaya was a member of the Sandinista military who wanted Talavera to quit her political organization. Talavera also testified that the Sandinistas detained her numerous times, but she could not recall the circumstances of these detentions. Talavera did, however, state that the Sandinistas once detained her to ask questions about her father, a former member of the National Guard. However, the Sandinistas released Talavera after she told them that they killed her father in 1979.
 
 
 5
 We deny Talavera's petition for review because the record evidence would not compel a reasonable factfinder to conclude that she demonstrated past persecution or a well-founded fear of future persecution. See id. at 339-40. Because Talavera failed to meet the lower eligibility standard required to obtain asylum, we conclude that she was not entitled to withholding of deportation. See id. at 340.
 
 
 6
 We reject Talavera's contention that the BIA improperly took administrative notice of a 1995 State Department Report on human rights in Nicaragua. It clearly did not. Cf. Castillo-Villagra v. INS, 972 F.2d 1017, 1029-30 (9th Cir.1992).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of his circuit except as provided by 9th Cir. R. 36-3